STATE OF MISSOURI AT THE RELATION OF KANSAS CITY POWER & LIGHT COMPANY, Relator, v. FORREST SMITH, STATE AUDITOR, Appellant.—111 S. W. (2d) 513.

Court en Banc, January 3, 1938.

*Roy McKittrick,* Attorney General, and *Olliver W. Nolen,* Assistant Attorney General, for appellant; *J. W. Thurman* of counsel.

*Johnson, Lucas, Landon, Graves & Fane* for Kansas City Power & Light Company.

TIPTON, J.—This is an appeal from a judgment of the Circuit Court of Jackson County, Missouri, wherein that court on certiorari quashed the record of appellant, the State Auditor, in levying an additional sales tax assessment on respondent for the sale of electrical current pursuant the Additional Revenue Emergency Act, Laws of Missouri, Extra Session 1933-34, page 155.

Respondent is engaged in selling and furnishing electricity or

electrical current, and the sole question in this case is whether it (respondent) is liable for tax on the sale of electrical current sold to Kansas City, the city of Sweet Springs, and the city of Glasgow, where it is used to pump water for their municipally operated water-works systems, and for tax on the sale of electrical current sold to the Kansas City Public Service Company, used in propelling its street cars over its street railway system in Kansas City, Missouri, and Kansas City, Kansas. The amount of the tax claimed to be due is not in dispute.

■ "Under our system of taxation there can be no lawful collection of a tax until there is a lawful assessment and there can be no lawful assessment except in the manner prescribed by law and *of property designated by law for that purpose.*" (Italics ours.) [State ex rel. Koeln v. Lesser, 237 Mo. 310, l. c. 318, 141 S. W. 888.]

■ If respondent is liable for the additional assessment levied against it by appellant, appellant's authority for making this assessment must be found in the Sales Tax Act, Extra Session, 1933-34, the pertinent parts of which are as follows:

Sec. 2. "Tax imposed on retail sales—Amount.—For the privilege of a person engaging in the business of selling tangible personal property at retail a tax is hereby imposed upon such person at the rate of one-half of one per cent of the gross receipts of any such person from the sale of all tangible personal property sold in this state on and after the effective date of this act to and including December 31, 1935.''

Sec. 2A. "Tax imposed on sale of services—Amount—Kind.—For the privilege of a person engaging in the business of rendering the services, furnishing or selling the substances and things hereinafter in this section designated, or defined, a tax is hereby imposed upon such person at the rate of one-half of one per cent of the gross receipts of any such person from the sale and/or the furnishing of the services, substances and things hereinafter in this section designated or defined, sold and/or furnished in this state on and after the effective date of this act to and including December 31, 1935. The tax imposed by this section as to the sale of services, substances and things shall apply to the business of: . . .

(b) "Sales of electricity or electrical current, water, sewer service, gas (natural or artificial), to domestic commercial or industrial consumers.''

Our consideration is finally narrowed to the construction of subsection (b) of Section 2A. Respondent contends that the words "domestic," "commercial" and "industrial" were intended by the Legislature to be used in their restrictive meanings, and that the electricity sales here involved were not made to consumers coming within this classification; therefore, the act does not apply. On the

other hand, appellant contends that the quoted words are used in their broad and most general sense, and that it was the legislative intent to cover the sale of all electrical current.

We have not been cited to any case construing an act identical or similar to this act except the case of Oklahoma Gas & Electric Co. v. Oklahoma Tax Commission, 58 Pac. (2d) 124. The statute under review in that case imposed a tax "upon all sales of electricity, electric light current, electric power, gas (natural or artificial) to domestic or industrial consumers thereof." The Oklahoma Supreme Court, in its opinion, stated that the clause, "to domestic or industrial consumers," standing alone, "leads readily to sharp differences of opinion as to its meaning," and, therefore, they should look to the title of the act to ascertain the legislative intent. The title of that act stated that a sales tax was placed upon "all sales of electricity and gas," therefore, the court held that the words were used in their broad sense. However, that case cannot be of any aid in construing this act for the reason that the title of the Missouri act uses the clause, "to domestic, commercial or industrial consumers." We also are of the opinion that the phrase, "domestic commercial or industrial consumers," standing alone, would lead to sharp differences of opinion as to its meaning.

To sustain his position that a tax is imposed on all sales of electricity, appellant construes Section 2 of the act to impose a tax upon the sale of all tangible personal property except that exempted by Section 3 of the act, which exempts sales in interstate commerce transactions, and sales to the highway department under Section 44A of our State Constitution. We do not disagree with appellant's construction of Section 2 because it expressly states a tax is imposed "from the sale of *all* tangible personal property sold in this state. . . ." However, we cannot agree with his contention that the word "all" should be read into Section 2A, thereby making the phrase read, "of *all* sales of services, substances and things sold." This section reads: "For the privilege of a person engaging in the business of rendering the services, furnishing or selling the substances and things hereinafter in this section designated or defined, a tax is hereby imposed upon such person. . . . The tax imposed by this section as to the sale of services, substances and things shall apply to the businesses of;" and the act then enumerates the various services included. To uphold appellant in his contention would "violate the well-known canon of statutory construction, viz.: That the expression of one thing is the exclusion of another." [State ex inf. Conkling ex rel. Hendricks v. Sweaney, 270 Mo. 685, l. c. 692, 195 S. W. 714.]

■ Appellant asserts in his brief that, "the position taken by the appellant is that the words 'domestic, commercial or industrial con-

sumers' have a broad and all-inclusive meaning as used in this section: that every user of electricity can be classified under one of these words." Evidently, this was not the intent of the Legislature, for had it been, the Legislature would have eliminated these words, making subsection (b) read: ". . . sales of electricity or electrical current to consumers." It is a cardinal rule of construction to give every word some meaning, if possible. We therefore conclude that the Legislature did not intend to tax the sale of all electricity, but, rather, to impose a tax only on the sale to "domestic, commercial or industrial consumers," each of which is distinct from the other, and, under the rule above announced, to exclude the sale of all electricity not coming within the meaning of these words.

"It is a generally accepted rule that taxing statutes should be strictly construed in favor of the taxpayer, and such is the rule in this State." [State ex rel. National Life Insurance Co. v. Hyde, 292 Mo. 342, 1. c. 352, 241 S. W. 396. See, also, State ex rel. Compton v. Buder, 308 Mo. 253, 271 S. W. 770, and State ex rel. Koeln v. Lesser, supra.]

It is not contended that the sale of electricity to the Kansas City Public Service Company, used to propel its street cars over its tracks, or the sale of electricity to Kansas City and the cities of Glasgow and Sweet Springs, used to pump water for their municipal water plants, should be classified under the word "domestic." But appellant does contend that the word "commercial" was used by the Legislature in a very broad sense, and was meant to include everything pertaining to commerce. It is true that in some instances the word "commerce" does include the transportation of passengers, as the following cases will show: Anderson v. Louisville & N. Railroad Co., 62 Fed. 46; Passenger Cases, 48 U. S. (7 How.) 283, 12 L. Ed. 702; Chicago & N. W. Railroad Co. v. Fuller, 84 U. S. (17 Wall.) 560, 21 L. Ed. 710. Therefore, appellant reasons, the word "commercial" as used in the sales tax law should apply to street car companies in the transportation of passengers. In the cases just cited the reason the word "commerce" included the transportation of passengers was because the interstate commerce clause of the Federal Constitution was involved.

If appellant is correct in his contention that the word "commercial" includes everything pertaining to commerce, then it would also include industrial pursuits; for instance, a shoe manufacturer is engaged in an industrial pursuit in making and selling shoes. If "commercial" is used in its broad sense, it includes also the word "industrial." This the appellant admits, for in his brief he says, "We respectfully urge upon this court that the term 'commercial' as used in this act, might include in its scope 'industrial,' for both are closely associated; 'commercial' includes 'industrial.'" If the

word "commercial" includes "industrial" then why did the Legislature use the word "industrial" also? We have already seen that every word should be given a meaning in construing a statute if possible; we therefore conclude that the word "commercial" was not used by the Legislature with the intention of including the word "industrial." Both were used in the act, not in the broad sense, but, rather, in a restricted sense.

The ordinarily accepted use of the phrase "commercial establishment" denotes a place where commodities are exchanged, bought or sold, while the ordinarily accepted meaning of the phrase "industrial establishment" denotes a place of business "which employs much labor and capital and is a distinct branch of trade; as, the sugar industry." [Webster's New International Dictionary.] Thus, we see that the transportation of passengers would not come within the ordinary meaning of either the word "commercial" or "industrial."

The Public Service Commission of Missouri, the Public Utility Commission of Kansas, the National Association of Railway and Utilities Commissioners, the National Electric Light Association, and the recently formed Federal Power Commission have classified the sale of electricity as follows: domestic, commercial, industrial, sale of electricity to railroads, municipalities, and to other utilities for resale. So we see that in the electrical world electricity sold to consumers is classified in three additional ways besides domestic, commercial and industrial.

We have come to the conclusion that the electricity sold to the Kansas City Public Service Company, used to propel its street cars over its street car system, and the power used by Kansas City and the cities of Sweet Springs and Glasgow in pumping water, is used neither for commercial nor industrial purposes within the meaning of this act and, therefore, is not subject to the tax in question.

It follows from what we have said that the judgment of the circuit court should be affirmed. It is so ordered. All concur.