BEN NORDBERG, Clerk of the County Court of Jackson County, v. GEORGE S. MONTGOMERY, W. L. YOST, FRED W. KLABER, Judges of the County Court of Jackson County; JACKSON COUNTY, and HARRY M. BERGIN, Appellants.—No. 38538.—173 S. W. (2d) 387.

Court en Banc, June 8, 1943.

George K. Brasher and Ed. A. Harris for appellants.

182

*Harry L. Jacobs* for respondent.

184

 TIPTON, J.—This is a declaratory judgment action brought in the circuit court of Jackson County to determine who is the "accounting officer" of Jackson County under the county budget law. (Sections 10910-10935.) The trial court adjudged that the county clerk was the "accounting officer" under that law.

All sections of statutes referred to are the 1939 Revised Statutes of Missouri.

On January 1, 1943, the county court of Jackson County entered an order of record employing Harry M. Bergin as County Accountant under Section 13824, and, also, by this order, appointed him as County "accounting officer" as defined by Section 10934.

Section 13824, provides that "if the county court finds it necessary to do so, it may employ an accountant to audit and check up the accounts of the various county officers." It is conceded that the county court had the authority to employ an accountant, but respondent says that under Section 10934, he cannot be the accounting officer under the county budget law, because he is not the keeper of "the principal records of the county." Section 10934, reads: "Whenever in this act the [389] term of 'accounting officer' shall appear, it shall be deemed to mean the county clerk, county comptroller, county auditor, accountant or other officer or employee keeping the principal records of the county."

Appellants contend that the modifying clause *"keeping the principal records of the county"* applies only to the preceding words "officer or employee" and that the county court can appoint either the county clerk, county comptroller, county auditor, accountant, or any officer or employee, provided such officer or employee keeps "the principal records of the county." On the other hand, the respondent contends that such modifying clause applies to all those persons above named. In other words, if the county clerk is the person "keeping the principal records of the county," then he, and he only, is the person who can be the "accounting officer," and if he does not keep the principal records, then the comptroller, auditor, accountant, or officer or employee who does keep such records is the "accounting officer."

Both parties agree that the respondent, as county clerk of Jackson County, is the person who is keeping the principal records of that county. (See Section 13823.) In the oral argument, the appellants, while denying that this modifying clause applied to the county clerk, admitted that if it did, the respondent was the "accounting officer" under Section 10934.

Both parties, also, agree that under the law, Jackson County does not have a county comptroller or county auditor. The ultimate question presented for our determination as stated by the appellants, is: "May the accountant provided for by Section 13824 act as the 'accounting officer' within the meaning of Section 10934?"

The "several parts, or sections, of such a statute are to be construed in connection with every other part, or section, and all are to be considered as parts of a connected whole, and harmonized, if possible, so as to aid in giving effect to the intention of the lawmakers." State ex rel. Dean et al. v. Daues et al., 321 Mo. 1126, 14 S. W. (2d) 990, 1. c. 1002. See, also, Holder v. Elms Hotel Co., 338 Mo. 857, 92 S. W. (2d) 620, 104 A. L. R. 339; State ex rel. Kansas City Power & Light Co. v. Smith, 342 Mo. 75, 111 S. W. (2d) 513; State v. Wipke, 345 Mo. 283, 133 S. W. (2d) 354; State ex inf. McKittrick v. Carolene Products Co., 346 Mo. 1049, 144 S. W. (2d) 153.

Section 10932 provides in substance that no contract or any financial obligation shall be binding on a county unless it be in writing and unless there is a balance unencumbered to the appropriation to which the same is to be charged, and such contract or order shall bear the certification of the "accounting officer" so stating.

Section 10933, among other things, provides that the "accounting officer" shall be personally liable and liable on his bond for the amount incurred by his erroneous certification.

The "accounting officer" referred to in these two sections is defined by Section 10934, already quoted.

Section 10919 provides that in all counties that have more than two hundred thousand and less than four hundred thousand inhabitants shall elect a county comptroller who shall be the county budget officer and "accounting officer," and Section 10920 describes his duties and states that "He shall keep accounts of all appropriations and expenditures made by the county court, and no warrant shall be drawn or obligation incurred without his certification that an unencumbered balance, sufficient to pay the same, remains in the appropriation account against which such warrant or obligation is to be charged."

Section 13862 provides that all counties that have a city containing fifty thousand and less than one hundred and fifty thousand shall elect a county auditor, and Section 13881 describes his duties, among which it states that "He shall keep accounts of all appropriations and expenditures made by the county court, and no warrant shall be drawn or obligation incurred without his certification that an unencumbered balance, sufficient to pay the same, remain in the appropriation account . . . "

Section 13887 provides for the election of county auditors in counties having more than eighty thousand and less than one hundred and fifty thousand inhabitants, where the circuit court is held in more than one place, and defines his duties.

In those counties that are authorized to elect a county comptroller by virtue of Section 10919, he is specifically named the "accounting officer," and Section 10920 defines his duties in almost identical

language as Section 10932, which states the duties of the "accounting officer."

Also, in those counties that elect a county auditor under Section 13862, he must be [390] the "accounting officer" because Section 13881 that defines his duties, also, uses language almost identical with the language used in Section 10932.

In counties coming within the provision of Section 10919, the county comptroller, and he alone, can be the "accounting officer." Also, in those counties electing county auditors by virtue of Section 13862, such auditor only is the "accounting officer." Such county comptrollers and county auditors are the persons "keeping the principal records of the county," which show the financial records of the county, and in those counties, the county courts are not free to choose the "accounting officer" from a list of persons named in Section 10934.

We think the "accounting officer" is the person named in Section 10934 who keeps the principal financial records of the county. In some counties, it is the county clerk, because he keeps the principal records, in others it is the comptroller, for the same reason, and in still others, it may be the auditor, etc.

As that section is applied to Jackson County, we believe it was the intention of the Legislature that the county clerk shall be the "accounting officer."

We believe the grammatical construction of the statutory definition of "accounting officer" supports our conclusion. It is to be noted there is no comma after the word "accountant," the last comma appearing after the words "county auditor" and just before the word "accountant," so that the remaining part of the sentence reads "accountant or other officer or employee keeping the principal records of the county." This modifying phrase must apply not only to the word "employee" but also to the words "officer" and "accountant." The word "or" is ordinarily used as a disjunctive to mean "either" as "either this or that." Dodd v. Independence Stove & Furnace Co., 330 Mo. 662, 51 S. W. (2d) 114. Therefore, the word "or" as used between the words "accountant" and "officer" means either accountant or officer or employee who happens to be keeper of the principal records of that particular county. As previously stated, it is agreed that the appellant, Bergin, as county accountant, is not such keeper. He could not, therefore, be the "accounting officer" of Jackson County. As that county has no comptroller or auditor, the county clerk must be the "accounting officer" under the county budget law.

We think the language of the Statute is plain and unambiguous, and the intent of the Legislature is clear, as we have already found. "Rules for the interpretation of statutes are only intended to aid in ascertaining the legislative intent, 'and not for the purpose of conrolling the intention or of confining the operation of the statute

within narrower limits than was intended by the lawmaker.' Suther-
land on Statutory Const., sec. 279. If the intention is clearly ex-
pressed, and the language used is without ambiguity, all technical
rules of interpretation should be rejected.'' State ex rel. Wabash
Ry. Co. et al. v. Shain, 341 Mo. 19, 106 S. W. (2d) 898, 1. c. 899-900.

However, if we do apply the technical rules of construction relied
upon by the appellants, we would be forced to the conclusion that
the appellant, Bergin, is not the ''accounting officer'' as that is termed
under the county budget law.

Appellants contend that under the last antecedent rule, the
modifying clause in question applies to ''officer or employee.'' ''By
what is known as the doctrine of the 'last antecedent,' relative and
qualifying words, phrases, and clauses are to be applied to the words
or phrase immediately preceding, and are not to be construed as
extending to or including others more remote. This rule is, however,
merely an aid to construction and will not be adhered to where ex-
tension to a more remote antecedent is clearly required by considera-
tion of the entire act. Slight indication of legislative intent so to
extend the relative term is sufficient. Where several words are fol-
lowed by a clause as much applicable to the first and other words as
to the last, the clause should be read as applicable to all.'' 59 C. J.
985, Sec. 583. Applying this rule to appellants' contention, the last
antecedent is the word ''employee,'' but the appellants state it should
also include the word ''officer.'' These two words are connected by
the word ''or,'' but so is the word ''accountant'' and the word ''em-
ployee'' connected by the word ''or.'' The phrase reads, ''accountant
or other officer or employee,'' so if the modifying phrase ''keeping
the principal records of the county'' applies to ''officer or employee,''
it must also apply to the word ''accountant.'' The words ''account-
ant,'' ''officer,'' and ''employee,'' **[391]** as used in Section 10934,
put them in the same class if we use only the first part of the defini-
tion of the last antecedent rule. But we think this modifying clause
applies to the first noun ''county clerk'' as well as to the last noun
''employee,'' and, under the last part of the definition, it should be
applicable to all the persons named.

Such a construction would then follow the technical rule that every
sentence, phrase, or word should be given some meaning if possible.
State ex rel. McKittrick v. Carolene Products Co., supra.

It is suggested by appellants that under Section 36, Article VI,
of the State Constitution, since the county court is vested with the
power ''to transact all county . . . business,'' it has the right
to choose the ''accounting officer'' from the persons named in Sec-
tion 10934. We are not impressed with this contention. If this be
true, the county court could employ a person not named in that
section as its ''accounting officer.'' The appellant admitted in oral
argument in this court that this could not be done. Besides, Sec-

188

tion 14, Article IX, and Section 9, Article XIV, of the State Constitution, provide that the manner of appointment and election of county officers is left to the Legislature.

It follows the judgment of the trial court should be affirmed. It is so ordered. All concur.