Phillip A. ELLIOTT, Plaintiff-Respondent,

v.

JAMES PATRICK HAULING, INCORPO-
RATED, Defendant-Appellant.

No. 34637.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 16, 1973.

Robertson, Ely & Wieland, St. Louis, for defendant-appellant.

Dearing, Richeson, Roberts & Wegmann, G. William Weier, Hillsboro, for plaintiff-respondent.

SIMEONE, Judge.

This is an appeal by defendant-appellant James Patrick Hauling, Incorporated (hereinafter Hauling) from a judgment entered on April 17, 1972, by the Circuit Court of St. Louis County affirming an award of the Industrial Commission of Missouri. The Commission found that an earlier award by the referee was "correct in all respects" under § 287.190(4), RSMo 1969, V.A.M.S. The referee found that while in the employ of Hauling the employee-respondent Phillip A. Elliott sustained an injury as the result of an accident on December 18, 1969. The accident arose out of and in the course of his employment. The injury resulted in the amputation of his right leg above the knee so as to allow the use of an artificial prosthesis.

On May 17, 1971, the referee found the following:

"I find and believe from the evidence herein, especially personal observation of the employee, that he is entitled to $1,500.-00 additional compensation within said Section [287.190(4)] by reason of multilation [sic] to said right leg. It is apparent from reading of the section that the disjunctive 'or' was used intentionally to provide additional compensation under this Section for injuries other than those 'about the normally exposed parts of the body.' It was obvious to this referee, in observing the employee enter and leave the hearing room, that he walked with a very noticeable limp and sway to his right side as he extended the right leg while walking. Therefore, although his right leg is not a normally exposed part of the body, I believe additionally that the limp and sway would constitute permanent disfigurement 'about normally exposed parts of the body' because of these very noticeable features. Therefore, although it appears that but one of the requirements be met under the Subsection, I believe both have been satisfied in this case, and award additional compensation as heretofore stated."

The Commission, with one member dissenting, affirmed the findings of the referee on October 13, 1971. The Commission found the following:

". . . the award of the referee is correct in all respects . . . The referee correctly found from a reading of Section 287.190, Subsection 4, RSMo, 1969, that the disjunctive 'or' was used intentionally to provide additional compensation under this Section for injuries other than those 'about the normally exposed parts of the body' . . . The referee was correct in finding that the limp and sway would constitute permanent disfigurement 'about the normally exposed parts of the body' because of these very noticeable features. The referee's conclusion that, although that one of the requirements must be met under the subsection, both had been satisfied in this case, . . ."

The Commission therefore affirmed the award.

Under the authority of § 287.190(4) the respondent was awarded additional compensation of $1,500.00 on these two grounds: (1) that a part of the body other than that normally exposed was mutilated, and (2) the employee suffered a noticeable limp and sway caused by the amputation which constituted a permanent disfigurement about a normally exposed part of the body.

§ 287.190(4), RSMo, 1969,[1] V.A.M.S., provides:

> "4. If an employee is seriously mutilated or permanently disfigured about the normally exposed parts of the body, the division or the commission may allow such additional sum for the compensation on account thereof as it may deem just, based upon the handicap suffered by the injured employee in obtaining employment, but the sum shall not exceed two thousand dollars."

This appeal involves an interpretation of this section. The issue is whether the Commission may allow an employee, whose leg is amputated by accident in the course of his employment, additional compensation for being ". . . seriously mutilated or permanently disfigured about the normally exposed parts of the body, . . . based upon the handicap suffered by the injured employee in obtaining employment, . . ." On closer analysis, however, this issue is subdivided into two parts: (1) does the modifying clause "about the normally exposed parts of the body" modify only the words "permanently disfigured" or does it also modify the words "seriously mutilated," and (2) does the limp and sway caused by the amputation constitute a permanent disfigurement about the normally exposed part of the body. As to the first issue, if the qualifying words are applicable to both "seriously mutilated" and "permanently disfigured," then additional compensation can only be awarded when the mutilation or dis-

figurement is to a normally exposed part of the body. If applicable only to "permanently disfigured," then additional compensation may be awarded for mutilation although the mutilated part of the body is not normally exposed.

The appellant contends that the qualifying clause is applicable to both verb phrases so the Commission may award additional compensation only when a normally exposed part of the body is seriously mutilated or permanently disfigured and, therefore, urges the Commission erred in holding that the modifying clause is not applicable to "seriously mutilated." The appellant contends that the qualifying phrase modifies both verb phrases so that the mutilation must also be about the normally exposed parts of the body. Citing the Harbrace Handbook of English at 276, "Good grammar requires that phrases should be placed near the words they modify," therefore the qualifying phrase is as close as it can be where a compound verb phrase is used. The appellant also contends that the Commission erred in awarding additional compensation for permanent disfigurement for the limp and sway for the reason that there is no disfigurement about a normally exposed part of the body.

The respondent on the other hand seeks to sustain the award and contends the qualifying phrase is applicable only to the words "permanently disfigured" so that additional compensation may be awarded whenever a part of the body is seriously mutilated although not normally exposed. He further contends that additional compensation for disfigurement was proper because, due to the limp and sway, the employee was disfigured about a normally exposed part of the body since an amputated leg is an "exposed, viewable, displayed and exhibited portion of [the] body."

 The primary rule of statutory construction is to determine, from many and varied sources, the intent of the general as-

---

1. § 287.190 was amended in 1971. Subsection 4, however, was not affected.

sembly expressed in the statute. Household Finance Corp. v. Robertson, Mo., 364 S.W.2d 595. This intent is to be ascertained from the specific language used, the policy and purpose of the act and by a host of rules, judicially created, which aid in determining the legislative intent. One such rule of construction to resolve what has been termed "syntactic ambiguity"[2] is the doctrine of the last antecedent. By that rule, relative and qualifying words, phrases or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote. Crawford, Statutory Construction, § 193; 2 Sutherland, Statutory Construction, § 4921; Cushing v. Worrick, 9 Gray 382 (75 Mass., 1857); Norberg v. Montgomery, 351 Mo. 180, 173 S.W.2d 387, 390. This principle, however, is not inflexible and it has not been ". . . adhered to where extension to a more remote antecedent is clearly required by consideration of the entire act." *Norberg,* supra, 173 S.W.2d at 390; King's Lake Drainage & Levee Dist. v. Jamison, 176 Mo. 557, 75 S.W. 679; State ex rel. Crow v. St. Louis, 174 Mo. 125, 73 S.W. 623. Whether the principle is to be used or not depends upon many other considerations. But the "safest and surest" test to determine whether the general rule of the last antecedent or the exception thereto is to be applied is ". . . [a] common-sense interpretation . . . bearing always in mind the mischiefs to be remedied and the benefits to be secured by the law." *Crow,* supra, 73 S.W. at 629.

The purpose of § 287.190(4) is to compensate an injured employee who suffers an injury which handicaps him in obtaining employment. Its purpose is to compensate such injured employees who are seriously mutilated or permanently disfigured. According to Webster's Third New International Dictionary, "mutilate" means to "cut off or permanently destroy a limb or essential part of" or "to. cut up or alter radically so as to make imperfect." "Dis-

figure" means "to make less complete, perfect, or beautiful in appearance or character." See cases collected in Annot., Workmen's Compensation: compensation for disfigurement, 80 A.L.R. 970; 11 Schneider, Workmen's Compensation Text, § 2337; Blair, Reference Guide to Workmen's Compensation Law, § 11:16. In viewing the purpose of the statute, such a handicap may occur in one of two ways: (1) by mutilation of a part of the body which constitutes a handicap in seeking employment, or (2) a permanent disfigurement of a part of the body which is normally exposed. In both instances such an employee is less than perfect and does not have the symmetry of a complete person. The loss of an arm or leg not normally exposed, in the sense that it is normally covered by clothing, may well constitute a sufficient handicap. A serious burn or scar "about the normally exposed part of the body" which can be seen is also such a handicap. But such a disfigurement, for example a scar, in a location which is not normally exposed, such as an upper arm, is not such a handicap in obtaining employment.

The purpose of the statute, therefore, is to allow the Commission to award additional compensation when there is *either* a serious mutilation of a part of the body constituting a handicap in seeking employment, or when there is a permanent disfigurement of a part of the body that is normally exposed in the sense that it is not normally covered by clothing. We believe that the general assembly intentionally chose to allow additional compensation whenever either of these two situations exist.

Considering, therefore, the purpose of the statute and the rules of statutory construction, and applying in this instance the last antecedent rule, the qualifying phrase "about the normally exposed parts of the body" is not applicable to the words "seriously mutilated." The Commission properly awarded additional com-

---

2. Dickerson, The Diseases of Legislative Language, 1 Harv.J. on Legislation 5.

pensation and did not err in so construing the statute.

Since we have found that the Commission properly construed the statute, we need not reach the additional ground on which the Commission sustained the award. It is sufficient, for purposes of this appeal, if the award is based on one of the two requirements in § 287.190(4) which justify additional compensation.

We find that the Commission and the Circuit Court were correct in awarding additional compensation for a mutilation of a part of the body which may cause a handicap in obtaining employment although not normally exposed. The judgment of the Circuit Court and the award of the Industrial Commission are affirmed.

SMITH, P. J., KELLY, J., and WILLIAM M. TURPIN, Special Judge, concur.