**CITIZENS BANK AND TRUST COMPANY, Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

No. 63387.

Supreme Court of Missouri, Division No. 2.

Oct. 12, 1982.

Robert E. Fitzgerald, Jr., Dale H. Sizemore, Jr., Hoskins, King, McGannon, Hahn & Hurwitz, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Senior Judge.

This is an appeal from the decision of the Administrative Hearing Commission sustaining an assessment of additional bank tax against Citizens Bank and Trust Com-

pany, pursuant to § 148.010, *et seq.* RSMo 1978. The case involves construction of a revenue law. Therefor, this Court has exclusive appellate jurisdiction. Mo.Const. art. V, § 3. We affirm the decision of the Administrative Hearing Commission.

The facts, as stipulated by the parties, are these: Citizens Bank and Trust Company is a Missouri banking institution and a sole and wholly owned subsidiary of Citizens Bancshares Co., a holding company. The bank's principal place of business is located in Chillicothe. The bank owns various pieces of real estate in Livingston County. Twenty-five percent of the total footage of this real estate was leased to third parties on month-to-month oral leases. The bank paid real estate taxes on these properties in the amount of $12,959.05 in 1976; $13,395.86 in 1977; $13,541.79 in 1978; and $14,066.40 in 1979. In each of these years the bank claimed as a credit pursuant to § 148.030.3, RSMo 1978, a sum representing 75% of the total real estate taxes paid in that year: $9,719.28 in 1976; $10,046.89 in 1977; $10,156.34 in 1978; and $10,549.80 in 1979.

In 1979 the Department of Revenue sent a Notice of Financial Institution Tax Assessment to the Bank indicating an assessment for failure to remit payment of $324.20 in 1976; $9,328.62 in 1977; and $9,343.60 in 1978. Interest on these sums was also assessed. In 1980 a similar notice indicating assessment for $9,445.39 plus interest for the year 1979 was sent to the Bank. The Bank in turn filed separate complaints with the Administrative Hearing Commission in reference to each of the two notices. The Bank maintained that § 148.030.3, RSMo 1978, as amended in 1972, permitted a credit for taxes it paid on real estate which was not held for lease or rental to others, disallowing only credits against the tax on real estate which was held for lease or rental. The Commission held that the intent of § 148.030.3 was to disallow credits against the tax imposed by §§ 148.010–148.110 for taxes paid on tangible personal property owned by the taxpayer and held for lease or rental to others, but not to change the treatment of real estate taxes. Under this ruling, the Bank could not credit its real estate taxes on property it did not lease or rent. The case was remanded by the Hearing Commission to the Department of Revenue for the proper recalculations. Appellant then sought review in this Court under § 161.337, RSMo 1978.

Section 148.030, RSMo 1978, the revenue statute pursuant to which the Bank claimed credit for its real estate taxes states:

1. Every national banking association and every other banking institution shall be subject to an annual tax for the privilege of exercising its corporate franchises within the state according to and measured by its net income for the preceding year.

2. The rate of tax for each taxable year shall be seven percent of such net income.

3. Each taxpayer shall be entitled to credits against the tax imposed by this law for all taxes paid to the state of Missouri or any political subdivision thereof during the relevant income period, *other than taxes on real estate and tangible personal property owned by the taxpayer and held for lease or rental to others,* contributions paid pursuant to the unemployment compensation tax law of Missouri, and taxes imposed by this law. (Emphasis added.)

The phrase "and tangible personal property owned by the taxpayer and held for lease or rental to others" was added to the statute in a 1972 amendment. The only issue here is the correct interpretation of this statute as amended. It is the Bank's contention that "owned by the taxpayer and held for lease or rental to others" now modifies not only the term "tangible personal property," but also "real estate." Therefore, a credit for taxes paid on real estate *not* held for lease or rental is allowable. It is the Department of Revenue's position that the phrase was intended to stand by itself and not refer back to the term "real estate." Therefore, there is no credit allowable for taxes paid on any type of real estate.

■ The primary objective of statutory construction is to ascertain the intent of the legislature from the language used, and to give effect to that intent if possible. In doing so we are to consider the words used in the statute in their plain and ordinary meaning. *State v. Kraus,* 530 S.W.2d 684, 685 (Mo. banc 1975).

■ When the same or similar words are used in different places within the same legislative act and relate to the same or similar subject matter, then the statutes are in *pari materia* and should be construed to achieve a harmonious interpretation of the statutes. *City of Raytown v. Danforth,* 560 S.W.2d 846, 848 (Mo. banc 1977). Sections 148.110, 148.030, and 148.040, RSMo 1978, all relate to the special tax on banks. Each was amended in 1972 by the addition thereto of a provision containing similar language referring to tangible personal property owned by the taxpayer and held for lease or rental to others. Prior to 1972, § 148.110 stated:

> It is the purpose and intent of the general assembly to substitute the tax provided by sections 148.010 to 148.110 for the tax on bank shares which was imposed by section 10959, RSMo 1939, and for all taxes on all tangible and intangible personal property of all banking institutions subject to the provisions of sections 148.010 to 148.110.

The statute was then amended by adding this provision:

> except taxes on tangible personal property owned by the taxpayer and held for lease or rental to others and for all property taxes on the shares of such banking institutions.

Clearly, the intent of the amendment was to establish that the bank tax would no longer serve as a substitute for taxes on a particular category of tangible personal property. The taxpayer bank must now pay taxes on tangible personal property held for lease or rental to others as well as the tax imposed by §§ 148.010–148.110. No mention is made of a change in the treatment of real estate.

■ The same phrase also appears in § 148.030.3, the statute at issue here. Read together, both amended statutes are consistent with the position that the legislature chose to change only the way in which tangible personal property held for lease or rental to others would be treated. Supporting this interpretation is another canon of statutory construction:

> [W]here a statute is amended only in part, or as respects only certain isolated and integral sections thereof and the remaining sections or parts of the statute are allowed and left to stand unamended, unchanged, and apparently unaffected by the amendatory act or acts, it is presumed that the Legislature intended the unamended and unchanged sections or parts of the original statute to remain operative and effective, as before the enactment of the amendatory act.

*State ex rel. Dean v. Daues,* 321 Mo. 1126, 14 S.W.2d 990, 1002 (1929).

■ Furthermore, application of the "last antecedent rule," long recognized in Missouri, results in the same conclusion. "[R]elative and qualifying words, phrases or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote." *Elliot v. James Patrick Hauling, Incorporated,* 490 S.W.2d 284, 287 (Mo.App.1973). The phrase "held for lease or rental to others" would properly modify only the term "tangible personal property" and not the more remote term "real estate."

■ Application of these rules to the third statute amended in 1972 produces a result harmonious with this interpretation. Prior to 1972, § 148.040.3 provided a tax deduction for "all taxes paid or accrued on real estate to the state of Missouri .... " The 1972 amendment inserted the same phrase "tangible personal property owned by the taxpayer and held for lease or rental to others" immediately after this. Therefore, while appellant bank may not substitute the bank tax for taxes on this category of tangible personal property, nor take a credit against the bank tax for any taxes

paid on this tangible personal property, it may deduct its taxes on this category of tangible personal property when calculating net income. It may not take a credit against the bank tax for any taxes paid on real estate, but may deduct all such real estate taxes when determining net income. Such an interpretation harmonizes each amended section.

We conclude that the Commission's conclusion that the legislature did not intend to change the treatment of "real estate" in § 148.030.3 when it amended the statute to include the phrase at issue here is supported by substantial evidence. Appellant's attempt to infer such a change neither comports with accepted norms of statutory construction nor offers a harmonious interpretation of legislative intent.

The judgment of the Administrative Hearing Commission is affirmed.

WELLIVER, P.J., and HIGGINS and SEILER, JJ., concur.