The Honorable Pat Kelley Representative, District 48 State Capitol Building, Room 116-4 Jefferson City, Missouri 65101
Dear Representative Kelley:
This opinion is in response to your question asking:
 Whether the language in Section 135.010, RSMo, allows a claimant or spouse, regardless of age, who is a veteran of any branch of the armed forces of the United States or this state who becomes disabled as a result of such service to be eligible for a credit pursuant to the provisions of Sections 135.010 to 135.030, RSMo.
Sections 135.010 to 135.030, RSMo, provide for property tax relief for certain persons. Section 135.010, RSMo, as amended by Senate Committee Substitute for House Committee Substitute for House Bills Nos. 1434 1490 and Senate Substitute for Senate Bill No 797, 86th General Assembly, Second Regular Session (1992)[1], provides in part:
 135.010. As used in sections 135.010 to 135.030 the following words and terms mean:
 (1) "Claimant", a person or persons claiming a credit under sections 135.010 to 135.030. If the persons are eligible to file a joint federal income tax return and reside at the same address at any time during the taxable year, then the credit may only be allowed if claimed on a combined Missouri income tax return or a combined claim return reporting their combined incomes and property taxes. A claimant shall not be allowed a property tax credit unless the claimant or spouse has attained the age of sixty-five on or before the last day of the calendar year and [unless] the claimant or spouse was a resident of Missouri for the entire year or the claimant or spouse is a veteran of any branch of the armed forces of the United States or this state who became one hundred percent disabled as a result of such service. The residency requirement shall be deemed to have been fulfilled for the purpose of determining the eligibility of a surviving spouse for a property tax credit if a person of the age of sixty-five years or older who would have otherwise met the requirements for a property tax credit dies before the last day of the calendar year;
* * *
 (4) "Income", Missouri adjusted gross income as defined in section 143.121, RSMo, less two thousand dollars as an exemption for the claimant's spouse residing at the same address, and increased, where necessary, to reflect the following:
 (a) Social security, railroad retirement, and veterans payments and benefits unless the claimant is a one hundred percent service-connected, disabled veteran or a spouse of a one hundred percent service-connected, disabled veteran. The one hundred percent service-connected disabled, veteran shall not be required to list veterans' payments and benefits;
* * *
 [bracketed material deleted; underscored material added by amendment].
In construing a statute, legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning. Metro Auto Auction v. Director ofRevenue, 707 S.W.2d 397, 401 (Mo. banc 1986). When the legislature amends a statute, changing its language, it is presumed to have intended the change to have some effect. Holtv. Burlington Northern Railroad Company, 685 S.W.2d 851, 857
(Mo.App. 1984). The statute must be viewed in the light of the goal or purpose it sought to achieve. State ex rel. MissouriPower Light Company v. Riley, 546 S.W.2d 792, 796 (Mo.App. 1977).
The added language in Section 135.010(1) and (4) (a) indicates an intent to provide tax relief to veterans who are one hundred percent disabled as a result of military service. At issue is the interpretation of the following sentence:
 A claimant shall not be allowed a property tax credit unless the claimant or spouse has attained the age of sixty-five on or before the last day of the calendar year and the claimant or spouse was a resident of Missouri for the entire year or the claimant or spouse is a veteran of any branch of the armed forces of the United States or this state who became one hundred percent disabled as a result of such service. [Emphasis added.]
The word "or" is ordinarily used as a disjunctive to mean "either." Norberg v. Montgomery, 351 Mo. 180, 173 S.W.2d 387,390 (1943); Dodd v. Independent Stove Furnace Co.,330 Mo. 662, 51 S.W.2d 114, 118 (1932). Applying the ordinary definition to the term "or" as used in Section 135.010(1) leads to the conclusion that claimant status is not limited to individuals aged sixty-five or over because the definition includes the provision "or the claimant or spouse is a veteran. . . ."
This conclusion is further supported by the fact the language "or the claimant or spouse is a veteran . . ." was an addition to the statute. In adding the language the legislature is presumed to have intended the change to have some effect. Since such veterans or spouses if sixty-five or over were entitled to the tax relief before the 1992 amendments, the 1992 amendments to have some effect must have been intended to provide the tax relief to such veterans and spouses regardless of age.
CONCLUSION
It is the opinion of this office that pursuant to Section135.010(1), RSMo, as amended by Senate Committee Substitute for House Committee Substitute for House Bills Nos. 1434 1490 and Senate Substitute for Senate Bill No. 797, 86th General Assembly, Second Regular Session (1992), veterans of the armed forces of the United States or this state who became one hundred percent disabled as a result of such military service and their spouses are eligible for tax credits provided in Sections135.010 to 135.030, RSMo, regardless of age.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] Each of these bills provides an effective date of January 1, 1993 for the amendments to Section 135.010.