Dale Patrick LaFONT, Plaintiff–
Appellant,

v.

Dean G. TAYLOR, Individually, and Dean
Taylor Cadillac–Olds, Inc., a Corpora-
tion, Defendants–Respondents.

No. 67287.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 25, 1995.

Gary B. Brewer, Ward & Reeves, Caruthersville, for appellant.

Jonah T. Yates, Oliver, Oliver & Waltz, P.C., Cape Girardeau, for respondents.

KAROHL, Judge.

Dale P. LaFont appeals the trial court's dismissal of his first amended petition for fraud, breach of contract, promissory estoppel and unjust enrichment for failure to state a cause of action against Dean G. Taylor and Dean Taylor Cadillac–Olds, Inc.

The pleadings allege LaFont worked as a sales manager for Dean Taylor Cadillac–Olds, Inc. from December 1975 until June 1992, when Taylor, the sole stockholder, sold the dealership. In Count I, LaFont alleges Taylor falsely represented he would help La-Font acquire the dealership if he would work for Taylor until Taylor died or withdrew from the business. In Count II, he alleges, commencing in 1976 and continuing until 1992, he entered into an agreement with Taylor and the corporation regarding the dealership and that he fully performed the terms of the agreement. In Count III, he alleges: 1) Taylor, for himself and the corporation, promised he would give him an opportunity to purchase the dealership if he continued to work for Taylor as long as Taylor owned the dealership; and 2) relying on this promise, he gave up other, more lucrative employment. On October 18, 1994, the trial court dismissed LaFont's petition.

LaFont contends the trial court erred in dismissing his petition because the petition avers each essential element for claims of fraud, breach of contract and promissory estoppel.

A petition is not to be dismissed for failure to state a claim upon which relief can be granted unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Nappier v. Kincade,* 666 S.W.2d 858, 860 (Mo. App.1984). In reviewing the sufficiency of a petition on a motion to dismiss, we give the averments a liberal construction and accord the petition those reasonable inferences fairly deducible from the facts stated. *Id.*

## COUNT I

We find the trial court erred in dismissing Count I of LaFont's petition. The elements of fraud are: 1) a representation, 2) its falsity, 3) its materiality, 4) the speaker's knowledge of its falsity, or his ignorance of the truth, 5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, 6) the hearer's ignorance of the falsity of the representation, 7) the hearer's reliance on the representation being true, 8) his right to rely thereon, and 9) the hearer's consequent and proximately caused injury. *Sofka v. Thal,* 662 S.W.2d 502, 506 (Mo. banc 1983).

In Count I, LaFont alleges Taylor knowingly made false representations regarding his acquisition of the dealership with the intent to deceive and defraud him. He

alleges the representations were material and that he reasonably relied on the representations. He alleges they caused him "to remain in the employ of defendants at substantially less income than he could have earned elsewhere and [to] decline other more lucrative business opportunities." He also alleges he was "deprived of the reasonable value of his right to acquire" Taylor's dealership and "the value of the business and employment opportunities that he declined in reliance" upon the representations. A petition is sufficient against a motion to dismiss if its allegations invoke substantive principles of law that entitle a plaintiff to relief. *Murray v. Ray*, 862 S.W.2d 931, 933 (Mo.App. S.D.1993). Count I states a cause of action for fraud.

## COUNT II

We find the trial court erred in dismissing Count II of LaFont's petition. LaFont there alleges:

> ... the defendants and the plaintiff entered into an agreement whereby plaintiff agreed to go to work for defendants as sales manager and to continue in that capacity as long as Defendant, Dean G. Taylor, owned the dealership and defendants agreed that Defendant, Dean G. Taylor, would help plaintiff acquire the dealership, that plaintiff would be the successor dealer, that Defendant, Dean G. Taylor, would provide necessary working capital to insure that plaintiff would be able to acquire the dealership, that Defendant, Dean G. Taylor, would loan to plaintiff, at no interest, the required capitalization for plaintiff to obtain financing through Motors Holding.

He alleges he completely performed the terms of the agreement by working for Taylor until Taylor sold the dealership to a third person. He also alleges Taylor failed to perform and that he was damaged as a result of Taylor's breach. Thus, LaFont has alleged all the elements of a bilateral contract. *See,* MAI 26.06.

In his motion to dismiss, Taylor contends the alleged contract violates the Statute of Frauds, Chapter 432, RSMo 1994. However, the Statute of Frauds does not foreclose recovery on contracts that have been fully performed by one of the parties.

*Straatmann v. Straatmann,* 809 S.W.2d 95, 99 (Mo.App.1991). For purposes of a motion to dismiss, a petition that alleges full performance of an oral contract removes the contract from the Statute of Frauds. *Irwin v. Bertelsmeyer,* 730 S.W.2d 302, 303 (Mo.App. 1987). Count II states a cause of action.

## COUNT III

We find no error in the trial court's dismissal of Count III regarding promissory estoppel. The elements of promissory estoppel are: 1) a promise, 2) foreseeable reliance, 3) reliance, and 4) injustice absent enforcement of the promise. *Delmo, Inc. v. Maxima Electrical Sales, Inc.,* 878 S.W.2d 499, 504 (Mo.App.S.D.1994). LaFont has alleged the elements of promissory estoppel. However, enforcement of the promise is not an available remedy. A third party, who had no knowledge of the alleged promise, bought the dealership in 1992. Moreover, LaFont has an adequate legal remedy pursuant to his fraud and breach of contract claims.

The judgment on Counts I and II is reversed and this cause remanded on those counts. The judgment on Count III is affirmed.

AHRENS, P.J., and SIMON, J., concur.