**Richard W. BALKE, Appellant,**

v.

**Harold REAM, Respondent.**

**No. WD 55997.**

Missouri Court of Appeals, Western District.

Dec. 22, 1998.

G. Spencer Miller, Gladstone, MO, for appellant.

Mark T. Kempton, Sedalia, MO, for respondent.

Before HANNA, P.J., ELLIS and RIEDERER, JJ.

RIEDERER, J.

Richard Balke appeals from the Circuit Court's dismissal of his claim for damages arising from Harold Ream's alleged violation of the Missouri Wiretap Statute. § 542.4021[1]. Because the Circuit Court's order failed to specify whether it was a dismissal with or without prejudice, the order is deemed to be without prejudice and is not a final order. This court, therefore, has no appellate jurisdiction. Dismissed.

## Facts

On May 4, 1998, Appellant filed an amended petition with the Circuit Court of Pettis County which alleged that Respondent, an employee of Central Missouri Electric Cooperative ("CMEC"), made two telephone calls to Appellant in response to calls that Appellant had previously made to CMEC. It was further alleged that during the two phone calls, and without Appellant's consent or knowledge, Respondent recorded the conversations and further disclosed their contents to third persons. Appellant claimed that such recordings and disclosures were both violations of § 542.402. The petition revealed no further details as to what purpose Respondent may have had for recording the calls other than to say that Respondent's actions were "willful, wanton and malicious" and were in "conscious disregard" to Appellant's rights. Without having submitted a responsive pleading, Respondent filed a motion to dismiss which was granted on June 16, 1998. The judgment of the circuit court did not denote whether the dismissal was with or without prejudice. This appeal ensued.

## Standard of Review

In reviewing a dismissal on the pleadings, we treat all facts stated in appellant's petition as true, and construe all allegations in his favor. *Patterson v. Meramec Valley R–III School District*, 864 S.W.2d 14, 15 (Mo. App.1993). In so doing, we decide whether Appellant is entitled to relief according to dictates of the substantive law. *Id.*

1. All statutory references are to RSMo 1994,

## I.

In his sole point on appeal, Appellant argues that the trial court erred in dismissing his claim. Specifically, Appellant argues that Respondent violated the Missouri Wiretap Statute, § 542.402, by tape recording the telephone conversations between Appellant and Respondent in that the recordings constituted "intercepts" as defined in § 542.400. Appellant also argues that Respondent's alleged disclosure of the recordings to unidentified third parties was also a violation of § 542.402.

However, before reaching these issues, we must first determine whether this court has jurisdiction. We note that the order issued by the circuit court failed to specify whether the judgment was a dismissal with prejudice. A dismissal failing to indicate that it is with prejudice is deemed to be without prejudice. Rule 67.03; *Vernor v. Missouri Bd. of Probation and Parole*, 934 S.W.2d 13 (Mo.App.1996). Ordinarily, when an action is dismissed without prejudice, a plaintiff may cure the dismissal by filing another suit in the same court, and, therefore, a dismissal without prejudice is not a final judgment for the purpose of appeal. *Wilson v. Unistrut Service Co.*, 858 S.W.2d 729, 731 (Mo.App.1993). An exception to this general rule is that an appeal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast by the plaintiff. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997).

We, therefore, examine whether this dismissal was with prejudice or without prejudice. This, in turn, depends on whether Appellant may cure the dismissal by filing another suit in the same court. *Id.* Appellant based the claim in his amended petition on § 542.402, which states in pertinent part:

1. Except as otherwise specifically provided in sections 542.400 to 542.424, a person is guilty of a class D felony and upon conviction shall be punished as provided by law, if such person:

(1) Knowingly intercepts, endeavors to intercept, or procures any other person

unless otherwise indicated.

to intercept or endeavor to intercept, any wire communication;

* * *

(3) Knowingly discloses, or endeavors to disclose, to any other person the contents of any wire communication, when he knows or has reason to know that the information was obtained through the interception of a wire communication in violation of this subsection; or

2. It is not unlawful under the provisions of sections 542.400 to 542.424:

* * *

(3) For a person not acting under law to intercept a wire communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act.

In deciding whether a petition sets forth sufficient facts to support a claim, we liberally construe the allegations, and we impliedly include "reasonable inferences fairly deducible from the facts stated." *Commercial Bank of St. Louis County v. James,* 658 S.W.2d 17, 21–22 (Mo.1983). A petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *LaFont v. Taylor,* 902 S.W.2d 375, 376 (Mo.App.1995).

One cannot determine from Appellant's amended petition whether he could prove facts to substantiate his claim that Respondent violated the Missouri Wiretap Act. On one hand, Appellant's petition recited facts which, standing alone, exculpate Respondent from liability. The petition contains no allegation that Respondent had a further criminal or tortious purpose for recording the conversations which is required by § 542.402.2(3) when the recording person is a party to the conversation. On the other hand, the petition certainly did not foreclose the possibility that Respondent had such a purpose. To the contrary, it showed that Appellant at least *may* be entitled to relief if he can supplement his petition with allegations, and prove facts, establishing that Respondent had the requisite criminal or tortious purpose. However, Appellant did not so plead. Thus, the trial court could not have determined whether he had a valid cause of action under § 542.402.2(3). The trial court was correct to dismiss the claim without prejudice.

Respondent argues that Appellant could not under any circumstances prove any set of facts entitling him to recover for the reason that Respondent was "a party to the communication." § 542.402.2(3). Respondent contends that the criminal or tortious purpose exception in § 542.402.2(3) is inapplicable to the phrase "where such person is a party to the communication" and, rather, modifies only the phrase "or where one of the parties to the communication has given prior consent to such interception." § 542.402.2(3). Thus, Respondent claims to escape all liability by virtue of being a party to the communication. Respondent cites the "last antecedent rule" of statutory construction in positing this argument, arguing that: "relative and qualifying words, phrases, or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote." *Rothschild v. State Tax Comm. of Mo.,* 762 S.W.2d 35, 37 (Mo. banc 1988). This rule, however, is but an aid to construction and will not be adhered to when consideration of the entire act requires otherwise. *Union Electric Co. v. Dir. of Revenue, State of Missouri,* 799 S.W.2d 78, 79 (Mo. banc 1990)(citing *Norberg v. Montgomery,* 351 Mo. 180, 173 S.W.2d 387, 390 (Mo. banc 1943)). "Where several words are followed by a clause as much applicable to the first and other words as to the last, the clause should be read as applicable to all." *Id.* We believe that a close reading of § 542.402 requires the same conclusion in this case. Respondent has not offered, nor can we theorize, any plausible reason why the legislature would not have wanted the criminal or tortious purpose exception to apply to perpetrators who are also parties to the communication. Whether or not the intercepting person is also a party to the communication has no bearing on the potential for harm that is

created when such a person intends to use his recordings to commit a criminal or tortious act.. In addition, the distinction argued for by Respondent would not further the purpose of the statute: to protect or provide privacy for people using the telephone. We therefore reject Respondent's argument that Appellant cannot state a compensable claim under any circumstances. We find that where a "person is a party to the communication" intercepted, that person may be held liable under § 542.402.2(3) where the communication is intercepted for the purpose of committing any criminal or tortious act.

We conclude that § 542.402 would allow a claim against Respondent if Appellant alleged and proved that Respondent had a criminal or tortious purpose for his acts. These are facts which, if pleaded and proved, may entitle Appellant to relief. Therefore, the dismissal herein can be cured by filing a new suit in the same court. Therefore, the dismissal is without prejudice and is not a final and appealable judgment. Accordingly, the appeal is dismissed.

HANNA, P.J., and ELLIS, J., concur.