STATE of Missouri,
Plaintiff-Respondent,

v.

Middleton CAROUTHERS,
Defendant-Appellant.

No. 49470.

Missouri Court of Appeals,
Eastern District,
Division One.

July 15, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 14, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Bernard Edelman, Clayton, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

A jury found appellant guilty of the felony of possession of a controlled substance in violation of Sec. 195.020 RSMo.Cum. Supp.1984. He appeals from the judgment of conviction and the sentence of two years in the custody of the Missouri Department of Corrections and Human Resources. This case reaches the writer on reassignment. Substantial portions of this opinion are from an opinion which failed of adoption and are incorporated without further attribution.

Appellant bases his appeal on two allegations of error. First, he contends the trial court erred in denying his motion for a new trial because the verdict director varied from the crime charged and because the state failed to make a submissible case on the charge of possession of a controlled substance. Second, appellant charges the trial court erred in denying his motion for a mistrial when the prosecuting attorney commented in closing argument on the absence of character witnesses for appellant.

On April 18, 1983, Carol Eckstein walked into the Richmond Heights police station where she reported that she had been staying with appellant at his apartment for the past few days and that an argument took place between the two of them, during the course of which she broke out a window of his apartment.

Miss Eckstein told the police that appellant had two half pound bags of marihuana in his apartment. A police officer then took Miss Eckstein to the prosecutor's office. After they told the prosecutor about the marihuana, the prosecutor, the police officer, and Miss Eckstein went to a judge to obtain a search warrant.

In the meanwhile, the Richmond Heights police established a surveillance of appellant's premises. The surveillance officer saw four persons leave appellant's address, appellant among them. The officer followed the four to a market and observed appellant and a companion playing video games. The officer engaged in a conversation with a couple of them while they were playing Pac Man.

The officer followed appellant and his companion after they left the store. A search warrant had been obtained by this time, and as appellant's car entered the Clayton city limits, Clayton police stopped the automobile in accordance with a radio request by the Richmond Heights police. The Richmond Heights police interviewed appellant at the Clayton police department, told him of the issuance of the search warrant, and placed him under arrest. He was advised of his rights and taken to his apartment for the purpose of executing the search warrant.

En route to appellant's residence, appellant said, "I guess I'm busted.", to which the police officer responded, "What do you mean?—Do you have marihuana in your apartment?". Appellant replied that he had two ounces of marihuana in his apartment, but that it belonged to his girlfriend. He said he was keeping it for her so that she wouldn't get "busted" with it.

The officers found two bags of marihuana in appellant's living room, and an ashtray which contained some "roaches". The officers seized the marihuana and the roaches, as well as some seeds and cigarette papers which they found.

Three or four days later, Miss Eckstein came to the Richmond Heights police station and told the officers that she had lied and made out a false affidavit in connection with the search warrant; that she had been angry with appellant and had planted the drugs in his apartment; and that she was

appellant's girlfriend at the time of the search. She indicated that she wanted to get appellant out of jail. She asked the officers to drop the case, which they refused to do. Appellant was convicted of possession of marihuana, second offense, and now brings this appeal.

■ In appellant's first point he complains about the verdict directing instruction because it varied from the crime charged. The information charged appellant with "possession" of a controlled substance. The instruction submitted to the jury the question of "control", not possession. Appellant argues further that the state failed to make a submissible case on the charge of possession of a controlled substance. As appellant candidly admits, these alleged errors were not properly preserved for review in his motion for a new trial. Appellant seeks review for plain error. In order to constitute plain error, this court must find that manifest injustice or a miscarriage of justice has resulted. Rule 29.12(b). The alleged error relating to the sufficiency of the evidence does not rise to the level of plain error.

The standard by which an appellate court reviews a challenge to the sufficiency of the evidence in a criminal case requires that the court judge the evidence in the light most favorable to the state, allowing the state all the benefit of reasonable evidentiary inferences and disregarding all contrary evidence. *State v. Wiley*, 522 S.W.2d 281 (Mo. banc 1975) [19].

■ A review of the evidence refutes appellant's claim that a submissible case was not made. "To sustain a conviction for possession of a controlled substance under Sec. 195.020 [RSMo.1978], the state must prove that the defendant knowingly and intentionally possessed the proscribed substance. To meet this burden, conscious, intentional possession, either actual or constructive, must be established." *State v. Barber*, 635 S.W.2d 342 (Mo.1982) [2–4]. The state must also show that the defendant was aware of the presence and nature of the substances in question. Both pos-

session and knowledge may be proved by circumstantial evidence. *Id.*

The marihuana was found in appellant's apartment. The jury could have found that appellant possessed and controlled the premises and its contents. Appellant admitted that he knew the marihuana was in his apartment, but stated that he was holding it for his girlfriend. Although there is evidence that appellant's girlfriend had been staying at appellant's apartment for a few days, there is also evidence that she was no longer living in the apartment when the marihuana was found.

Appellant had exclusive control of the premises when the marihuana was found, which raises the inference that appellant both possessed and controlled the substance. *State v. Barber, supra,* [2–4].

There was sufficient evidence to support a finding of guilt on the possession charge.

Appellant's next assertion of error relates to the use of the word "possession" in the information and the word "control" in verdict directing instruction no. 5. It raises the question of the validity of the conviction, and as such a plain error question.

Sec. 195.020.1 RSMo Cum.Supp.1984 provides:

"It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, distribute, or compound any controlled or counterfeit substance except as authorized in Sections 195.010 to 195.320."

The issue is whether the legislature intended for possession and control to be two separate offenses. If so, then defendant could not be convicted of control if he was charged with possession.

In a pristine sense "possession" and "control" may have different meanings. This is true if "possession" is considered only to include actual physical possession of an object. In that situation the actor would have both possession and control. A person could, however, have "control" of a substance when it is not actually in his physical possession, as with a substance located in his home, automobile, or safe deposit box. But legally "possession" is

satisfied if the possession is either actual or constructive. *State v. Barber, supra,* [2–4]. When the "constructive" aspect of possession is included the difference between the two terms is virtually obliterated. This was recognized in *State v. Virdure,* 371 S.W.2d 196 (Mo.1963). There the court held the terms were not precisely synonymous but that they relate to the same act, their meanings are interrelated and each has elements of the other. As a result the charging of both possession and control in the disjunctive was held not to be uncertain and indefinite. *Id.* [2]. The thrust of *Virdure* is that possession and control of a controlled substance are the same offense.

The *Virdure* court was not able to articulate the difference between the two offenses, if they are two separate offenses. We share that inability. To hold that the terms describe two undefinably different offenses places trial judges, prosecutors, defense attorneys, and juries in the position of having to determine whether defendant "possessed" or "controlled" the unlawful substance without any legal guidelines or definitions to make that decision. If these are separate offenses, then we as appellate judges should be able to identify that which separates them. If we are unable to do so, then we should determine whether the statute can reasonably be interpreted to give meaning to the obvious legislative intent to punish those who possess or control illegal drugs. We believe it can be.

 One of the "rules" of statutory interpretation is that all words utilized by the legislature are presumed to have separate and individual meaning. That rule is essentially a presumption against redundancy. But "rules" of statutory interpretation are not strictly rules, but merely aids to guide the courts in determining the legislative intent. If the statute clearly evidences that it was intended to be redundant, there is no reason to apply a guideline that presumes that the statute is not redundant. Section 195.020.1 RSMo. Cum Supp 1984 is clearly intended to be redundant. It makes it unlawful for any person to "manufacture, possess, have under his control, sell, prescribe, administer, dispense, distribute, or compound" any controlled substance. Section 195.010 provides the definition of some, but not all, of these words. "Manufacture" includes compounding. "Dispense" includes prescribing, administering and compounding. "Distribute" means deliver which in turn means to transfer including sale. With these definitions it was unnecessary to include in Sec. 195.020.1 the words "sell", "prescribe", "administer", and "compound". All are redundant and evidence the legislative intent to insure that the statute covers every conceivable activity possible with controlled substances. We have no difficulty concluding that possession and control are similar redundancies, and find nothing in Sec. 195.020.1 that requires a conclusion that possession and control are different offenses. In view of the definitions and the redundancies it is clear that each of the prohibited acts is not a separate and distinct offense.

Sec. 195.200 contains the punishment provisions. Sub-paragraphs 1.(1)(a) and (b) prescribe a different punishment for possession of marihuana than for other illegal actions concerning drugs. From this the authors of the Notes on Use 4 to MACH–CR–32.06.16 concluded that possession and control were separate offenses. To so interpret Sec. 195.200 is to authorize a more severe punishment for one who is charged with having marihuana under his control than one who possesses the substance. This flies in the face of *Virdure* which holds the two terms relate to the same act, are interrelated in meaning, and have common elements. In cases where both charges are supported by the facts, which is almost all cases, such an interpretation allows the range of punishment to be established solely by the prosecutor's choice of words in the particular information or indictment. Such unfettered discretion in the enforcement of the criminal law has disturbing constitutional implications. We do not believe Sec. 195.200 compels that result.

Section 195.200 does not specifically address punishment for "control" of marihuana. It essentially divides the unlawful acts of Sec. 195.020.1 into three categories.

Possession of marihuana, or the "delivery" of that substance in small quantities without renumeration, are treated more lightly than other drug offenses. Section 195.-200.1(1)(a, b, c). All other activities made unlawful under Sec. 195.020.1 carry a potentially more serious punishment. Those acts are not specifically identified in the punishment section. Section 195.200.1.(1), (2), (3). Excepted from that range of punishment is "selling, giving or delivering" of controlled substances, which carries an even higher range of punishment. Section 195.200.1.(4), (5). Neither "giving" nor "delivering" are expressly itemized as prohibited acts in Sec. 195.020.1. They become unlawful because they are included within the definitions of "sale" and "distribute" respectively. This indicates that the general assembly was not attempting in Sec. 195.200 to specifically track the list of unlawful acts contained in Sec. 195.020.-1. Rather it was establishing three generic categories for differing levels of punishment—possession of marihuana, sale of all controlled substances, and all other violations of Sec. 195.020.1. We do not conclude, therefore, that Sec. 195.200 was intended to identify as separate offenses the unlawful acts described in Sec. 195.020.1, but rather was enacted to establish ranges of punishment for the three generic classes. If that is true then the use of the word "possession" in Sec. 195.200 does not serve to differentiate it from control as a separate offense. Possession of marihuana generically includes both possession and control as *Virdure* teaches us, and the punishment section is compatible with that case.

We are unable to conclude that "possession" and "having under his control" are distinct and separate offenses. Therefore, there was no prejudicial error or fatal variance between the information and the verdict-directing instruction.

In his second point, appellant posits error on the denial of his motion for a mistrial when the prosecuting attorney, in closing argument, commented on appellant's lack of character witnesses. This point also must be denied.

The prosecutor, in rebuttal, said:

"Where are his other friends? Apparently he has undergone some religious conversion—a 'born again' Christian—where are these people to come in and attest to his character—".

Appellant made no objection but requested a mistrial. The court denied the motion for a mistrial but cautioned the prosecutor not to comment any further about witnesses "who were not involved in this matter".

■ The trial court has wide discretion in determining the scope of closing argument, and unless an abuse of discretion is shown to the prejudice of the accused, a case will not be reversed on appeal. *State v. Wood*, 596 S.W.2d 394 (Mo. banc 1980) [27, 28] *cert. denied, Wood v. Missouri*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). There was no abuse of discretion here and the point is denied.

The judgment is affirmed.

SNYDER, C.J., and CARL R. GAERT-NER, P.J., concur.