UNION ELECTRIC COMPANY and the Monsanto Company, Appellants,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.

No. 72490.

Supreme Court of Missouri, En Banc.

Nov. 20, 1990.

---

Juan D. Keller, Brenda L. Talent, St. Louis, for appellants.

William L. Webster, Atty. Gen., Martin D. Kerckhoff, Carole L. Iles, Asst. Attys. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Union Electric Company and The Monsanto Company seek an award of interest on sales tax amounts erroneously collected on electricity sold by Union Electric to Monsanto. At issue is whether *§ 144.190.-2, RSMo 1986,* authorized payment of interest on amounts credited, rather than refunded, to the taxpayer. The Court holds that interest on sales tax credits is not authorized by the statute and because a credit was issued to Union Electric for the taxes erroneously collected, no interest is due thereon. The order of the Administrative Hearing Commission is affirmed.

In the years 1982 through 1986, Monsanto purchased electrical energy for use in the manufacture of silicon from Missouri Edison and its successor corporation, Union Electric. During these years the electricity suppliers collected sales tax from Monsanto and remitted the taxes to the Director of Revenue.

In 1987, the Administrative Hearing Commission determined that Monsanto was exempt from sales tax on electricity used for the electrically intensive manufacture of silicon rods. On its April 1988 sales tax return Union Electric took a credit of $474,-090, the amount of the sales tax in question, and promptly issued a check to Monsanto for that amount. Monsanto subsequently requested that the Department of Revenue pay interest on the credit. The request was denied and Monsanto and Union Electric appealed to the Administrative Hearing Commission, which denied the claim, and this appeal followed.

Prior to 1988, *§ 144.190.2*, provided that:

If any tax, penalty or interest has been paid more than once, or has been erroneously or illegally collected, or has been erroneously or illegally computed, such sum shall be credited on any taxes then due from the person under sections 144.-010 to 144.510, and the balance, *with interest as determined by section 32.-065, RSMo*, shall be refunded to the person.... (emphasis added).

Appellants maintain that the phrase "with interest ..." applies to the full sum credited or refunded, rather than solely to the balance remaining after the overpayment is credited against taxes due.

The primary rule of statutory construction requires the Court to ascertain the intent of the legislature, considering the words in their plain and ordinary meaning. *Wolff Shoe Company v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). Prior to 1986, the statute did not provide for interest in any case. *Section 144.190, RSMo Supp.1984.* When the legislature amended the statute, it chose to place the phrase "with interest ...," after the phrase "and the balance," rather than [for example] after "such sum," where it would have conveyed the meaning appellants urge. "[R]elative and qualifying words, phrases, or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote." *Rothschild v. State Tax Commission of Missouri,* 762 S.W.2d 35, 37 (Mo. banc 1988). This "last antecedent rule" is but an aid to construction and will not be adhered to when consideration of the entire act requires otherwise, *Norberg v. Montgomery,* 351 Mo. 180, 173 S.W.2d 387, 390 (banc 1943), but such is not the case here. Had the legislature intended that interest accrue on the full amount of the overpayment, it would have said so. The words "with interest" are intended to modify "the balance" and authorize the Department of Revenue to pay interest only on that portion of a sales tax overpayment that is

refunded, rather than credited against taxes due.

Appellants also argue that *Utilicorp United Inc., v. Director of Revenue*, 785 S.W.2d 277, 279 (Mo. banc 1990), requires the reading they urge. However, that case did not concern a tax credit and despite some broad language contained therein, it is inapposite here.

Appellants contend that Monsanto was the real party in interest to the refund claim and "in fact" received a cash refund, presumably by virtue of the check transmitted to Monsanto from Union Electric for the amount of the credit. Appellants further contend the Department of Revenue is estopped from denying that constituted a cash refund. The Court declines to adopt the legal fiction appellants advocate.

At the time that Monsanto paid the tax and Union Electric filed the refund application, the regulations of the Department of Revenue did not permit a purchaser to request a refund. *See 12 CSR 10–3.520(1)*. However, that regulation was held invalid in *Norwin G. Heimos Greenhouse v. Director of Revenue*, 724 S.W.2d 505, 507 (Mo. banc 1987), more than a year before Union Electric took the credit on its April 1988 sales tax return. Monsanto could have applied directly for a refund of the overpayment after *Heimos* but did not do so.[1] This fact belies appellants' contention that Union Electric's credit and subsequent payment to Monsanto was a refund "in fact." The credit taken by Union Electric did not become a refund simply by virtue of Union Electric's obligation to pay the amount to Monsanto. Further, Monsanto's reliance upon the invalid regulation is insufficient to support its claim of equitable estoppel. *Bartlett and Company Grain v. Director of Revenue*, 649 S.W.2d 220, 224–25 (Mo.1983). The overpayment was returned in the form of a credit to Union Electric, and no interest was authorized thereon by *§ 144.190.2*.

■ Lastly, appellants challenge the statute on equal protection grounds, asserting that there is no rational basis for the

distinction between refunds and credits. Appellants did not raise this contention before the Administrative Hearing Commission. A constitutional question is waived if not raised at the earliest possible opportunity. *Citizens Electric Corporation v. Director of the Department of Revenue*, 766 S.W.2d 450 (Mo. banc 1989). Appellants have waived this constitutional contention.

The order of the Administrative Hearing Commission is affirmed.

All concur.

---

1. *Section 144.190.2, RSMo 1986,* was amended in 1988 to avoid the result in *Heimos*. In the interim purchasers were entitled to apply for a refund under the statute.