Kenneth R. BATTIS, Appellant,

v.

Jim HOFMANN, Respondent.

No. WD 44853.

Missouri Court of Appeals,
Western District.

June 16, 1992.

Kenneth R. Battis, pro se.

Carl E. Schaeperkoetter, Columbia, for respondent.

Before BRECKENRIDGE, P.J., and LOWENSTEIN and HANNA, JJ.

HANNA, Judge.

The respondent/defendant is the lessor of an apartment leased to the plaintiff/appellant in Columbia, Missouri. This is an appeal from a judgment in favor of defendant on plaintiff's claim for return of a security deposit pursuant to § 535.300 RSMo (1986).

The facts giving rise to this matter commence when the plaintiff, a student at the University of Missouri at Columbia, signed a one year lease with the defendant, paid a security deposit of $480.00, and completed a "damage assessment" form provided by the defendant's manager, detailing damage to the apartment before the plaintiff moved in. The "damage assessment" form was returned to the defendant's manager per the manager's instructions. It remained with the manager throughout the tenancy.

At the conclusion of the one year lease, plaintiff and defendant's manager did a walk-through of the rental unit and noted several items of damage. Following the walk-through, the tenancy was terminated. Within thirty days, the defendant sent the plaintiff a refund check in the amount of $280.00 from the security deposit and defendant retained $200.00. The retained money was for damages claimed to have been caused by the tenant during his occupancy. Accompanying the returned funds was a written list itemizing the damages. Several of the listed items were pre-existing damages which had been noted on the "damage assessment" form, completed before plaintiff moved into the unit.

The plaintiff attempted to contact the defendant, by phone and in writing, explaining the error and requesting a return of the retained funds. The defendant replied there was no "damage assessment" form for the plaintiff's rental unit and that no further funds would be returned.

■ Shortly thereafter, plaintiff filed suit in small claims court under § 535.300, which requires a landlord to return the full amount of a security deposit within thirty days after termination of the tenancy, or furnish the tenant with a written itemized list of damages for which the security deposit, or any portion of it, is withheld, along with any remaining balance of the security deposit. The law allows the landlord to withhold from the security deposit only such amounts as are reasonably necessary, among other things, to restore the dwelling unit to its condition at the commencement of the tenancy, ordinary wear and tear excepted.

Approximately four days after plaintiff filed the claim, he received a letter from defendant with an enclosed check for $110.00, representing a further refund of the withheld portion of plaintiff's deposit. The letter was dated two days following expiration of the thirty day statutory period. The refund represented charges assessed that plaintiff had attempted to inform defendant were for pre-existing damages. In defendant's accompanying letter he stated "if we find we are wrong [in the security deposit withholding] we correct it."

Following the trial in small claims court, an application for trial de novo was filed in the circuit court, where the plaintiff sought $260.00 in damages. This figure represent-

ed $75.00 withheld for steam cleaning the carpet, plus $75.00 in statutory damages for the alleged wrongful withholding of that amount, and $110.00 in statutory damages representing the amount of money which had been refunded to plaintiff after suit was filed and after expiration of the thirty-day statutory period. The defendant filed a counterclaim for attorney fees which was dismissed prior to trial.

The case was tried before the circuit court, without a jury. Defendant testified the $110.00 was originally withheld due to a mistake because shortly after plaintiff's tenancy ended the apartment complex was in the process of changing managers. Defendant claimed the "damage assessment" form was apparently misplaced and not found until a few days following the thirty-day statutory period. The defendant also testified the carpet had to be steam cleaned for $68.50 and that plaintiff admitted he never cleaned the carpet before moving out. A total of $75.00 was withheld for the steam cleaning, which included certain administrative expenses incurred in managing the apartment complex. Plaintiff claimed § 535.300 imposes a mandatory penalty and that defendant admitted he "wrongfully" withheld the security deposit in his earlier letter. The court accepted defendant's explanation and found in his favor.

Our standard of review is found in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), where it is said that the judgment will be sustained "... there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32.

The sole issue presented to this court is whether § 535.300 provides a mandatory penalty for retention of a security deposit beyond the thirty day period prescribed by the statute, even where a landlord mistakenly withholds the security deposit, or a portion thereof. Paragraph 5 of the statute states as follows:

"If the landlord *wrongfully* withholds all or any portion of the security deposit *in violation of this section*, the tenant shall recover as damages not more than twice the amount *wrongfully* withheld." (Emphasis ours).

■ It is necessary to define the meaning of wrongfully, as it often becomes the duty of our courts to interpret the meaning and intent to be ascribed to statutory language. *Vice v. Thurston*, 793 S.W.2d 900, 905 (Mo.App.1990). One of the rules of statutory construction is that all words utilized by the legislature are presumed to have separate and individual meaning. *State v. Carouthers*, 714 S.W.2d 867, 870 (Mo.App.1986). To that effect, the primary rule of statutory interpretation requires us to ascertain the intent of the legislature, considering the words employed in their plain and ordinary meaning. *Union Elec. Co. v. Director of Revenue*, 799 S.W.2d 78, 79 (Mo. banc 1990).

■ It is undisputed that a portion of the security deposit was withheld beyond the thirty day period following termination of plaintiff's tenancy. Therefore, the question is what meaning to ascribe to "wrongfully."[1] The key to our analysis is whether the legislature's inclusion of the word "wrongfully" in the statute requires some culpability beyond mistake or inadvertence, where a landlord fails to return a security deposit within the thirty day period.

The word "wrong" has been defined as "incorrectly;" "mistaken;" and "unsatisfactory." Webster's Dictionary of the English Language, Unabridged, 2112 (Encyclopedia Ed.1977). The word "wrongful" is defined as "full of wrong, unjust, unfair, injurious," *Id.* See also Black's Law Dictionary, 1446 (5th Ed.1979), defining "wrongful" as "injurious, heedless, unjust, reckless, unfair. [An infringement] of some right." A "wrongful act" is defined as "any act which in the ordinary course will infringe on the rights of another to his damage, ... [a term] occasionally equated to the term 'negligent,' but generally has

---

**1.** We are not inclined to accept plaintiff's argument that defendant's letter constituted an admission of wrongdoing.

been considered [a] more comprehensive term, including ... reckless and all other acts which in ordinary course will infringe on the rights of another to his damage." Black's at 1446. Finally, "wrongfully" is defined as "[i]n a wrong manner; unjustly; in a manner contrary to the moral law, or to justice." *Id. See also* Webster's at 2112.

"Wrongfully" is not a term of art. *State v. Turnbull,* 403 S.W.2d 570, 573 (Mo.1966). *See also Sandler v. Schmidt,* 263 S.W.2d 35, 38 (Mo.1953) (overruled on other grounds), where the court stated the jury was made up of men of average intelligence and it could not conceive how any jury would be misled because the word "wrongful" was not defined. It is evident the plain and ordinary meaning of the word "wrong," and its transformations, have broad scope and are not limited to intentional acts. *See Willens v. Personnel Board of Kansas City,* 277 S.W.2d 665, 671 (Mo.App.1955). It has different meanings according to the context in which the word is used. Its simplest context only requires the result to be incorrect, regardless of whether the wrongdoer's conduct was mistaken, careless, negligent, reckless or intentional.

Few cases in Missouri have interpreted the term "wrongfully." However, Black's definition of "in a wrong manner; unjustly; in a manner contrary to the moral law or to justice" has been cited. *Id.* We believe the legislature intended "wrongfully" to describe *the result and not the wrongdoer's* conduct. The term "wrongfully" in the statute should not be read as describing the manner in which the security deposit was withheld, but should be interpreted as referring to the enumerated provisions immediately preceding paragraph 5. The phrase "in violation of this section" is the controlling language of paragraph 5 and dictates what is "wrongful." If a landlord fails to return the security deposit in thirty days, and it is later discovered the tenant was rightfully entitled to the deposit, or a portion of it, the tenant is *wronged* and the landlord, being in violation of § 535.300, is liable to the tenant for the consequences of his actions, regardless of the reasons why the funds were withheld.

This interpretation is consistent with the intent of the legislature in the enactment of § 535.300. The statute describes the landlord's right to demand and receive a security deposit, but also imposes certain duties on him, including the return of the deposit at the termination of the tenancy. The statute is remedial because it was enacted for the protection of both the landlord and tenant, is conducive to the public good, and provides the tenant his exclusive remedy for the wrongful withholding of a security deposit. Therefore, when enforcement of the remedy is sought, the statute should be given a liberal construction to effect its plan purpose. *See State ex rel. Webster v. Meyers,* 779 S.W.2d 286, 289–90 (Mo.App. 1989) and *Scheble v. Missouri Clean Water Comm'n,* 734 S.W.2d 541, 556 (Mo.App. 1987).

The statute's broad remedial purpose is to lay the groundwork for landlord/tenant relations and to provide a more equal footing for both. The nature of the landlord/tenant relationship requires such accountability. The statute created a new right with respect to claims for wrongfully withheld security deposits, rendering it unnecessary for a tenant to prove the common law elements of conversion or breach of contract. *Lastra v. Intercontinental Inv. Co.,* 745 S.W.2d 703, 705 (Mo.App. 1987). The tenant/claimant need only show the deposit was not refunded within thirty days or that no itemized list of damages to which the deposit was applied has been furnished by the landlord. *Id.* It would be unreasonable to hamper a tenant's cause of action under the statute because no common law action exists and a tenant is confined to the statutory remedy. *Id.* at 706. Allowing a landlord to avoid responsibility, by claiming a security deposit was withheld due to a mistake or his inadvertence, and not with a "wrongful intent," would lead to a result contrary to the legislative intent.

Plaintiff suggests that the statute imposes a mandatory penalty equal to twice the amount wrongfully withheld, and not an amount left to the court's discretion. Such an interpretation would not give the words used in the statute their plain and ordinary meaning. *See Union Elec.,* 799

S.W.2d at 79. The statute does no more than place a limit on any penalty imposed, not to *exceed* "more than twice the amount wrongfully withheld."[2] The court has the discretion to impose a penalty within the statutory range, after consideration of the attendant circumstances. There is no mandatory penalty. This limitation complements our interpretation of what constitutes a "wrongful" withholding in violation of the statute. A landlord should never be unduly penalized for violation of the statute because a court is allowed to consider the reason a security deposit was withheld. A reasonable explanation might persuade the court to minimize the penalty, and conversely, an improper motive would enhance the penalty.

Based on the foregoing, we find the defendant "wrongfully" withheld the security deposit as a matter of law. Therefore, judgment is reversed and the case is remanded for assessment of damages, at the court's discretion, not to exceed twice the amount wrongfully withheld.

All concur.

---

**2.** We should note that plaintiff requested $75.00 in damages in his petition, representing the money withheld for cleaning the carpet, and an additional $75.00 in statutory penalty for that withholding. However, the evidence revealed that $68.50 was rightfully spent on the cleaning. Therefore, the only amount wrongfully withheld from this amount, if any, would be the difference of $6.50. Plaintiff concedes as much in his appellate brief.