**BUTLER HILL TAVERN, INC.,**
**Plaintiff–Respondent,**

v.

**STEPHEN F. BAHN REALTY**
**CO., Defendant–Appellant.**

**No. 64912.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1994.

Michael J. McAvoy, Fenton, for appellant.

Donald V. Nangle, St. Louis, for respondent.

---

CRANDALL, Judge.

Defendant, Stephen F. Bahn Realty Co. (lessor), appeals from the judgment of the trial court, in a court-tried case, in favor of plaintiff, Butler Hill Tavern, Inc. (lessee), on lessee's claim for return of a security deposit and rent. We affirm.

Our review of a court-tried case is governed by the oft-cited *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will uphold the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32.

Lessor and lessee entered into a commercial lease for the real property known as 5036 Butler Hill Road, for the period beginning June 1, 1986, through May 31, 1989. In accordance with the terms of the lease, lessee gave lessor a security deposit of $3,000.00

and an additional $5,000.00 for the first and last months' rents. Lessee took possession of the premises and operated its business there until November 16, 1987, when the premises were destroyed by fire. Lessee paid the rent through October 1987. Lessor later notified lessee that the premises were untenantable.

When lessor refused to return the money which lessee deposited pursuant to the lease, lessee brought an action for the return of the security deposit and rent money. Lessor counterclaimed for back rent and for property damage as a result of the fire. The trial court entered judgment in favor of lessee in the amounts of $3,000.00 for the security deposit and of $1,250.00 for one-half the rent for the month of November 1987.

■ In its first point, lessor contends that the trial court erred in returning the security deposit to lessee because § 535.300, RSMo (1986) applies not to commercial leases, but only to residential leases.

In the instant action, the trial court found that lessee's tenancy "was terminated by fire and the complete destruction of the leased premises on November 16, 1987." The court determined that lessee was entitled to the return of the deposit, not on the basis of § 535.300, but on the basis of the lease agreement. With regard to the security deposit, the lease provided that lessor return the security deposit to lessee "at the end of Three (3) years, assuming the demised premises, less usual wear and tear, has not been damaged." After the fire, lessor informed lessee that the fire rendered the premises "untenantable" and terminated the lease. On the basis of the lease provision concerning the security deposit, the destruction of the premises prior to the end of the term of the lease resulted in lessor being obligated to return the security deposit to lessee. Lessor's first point is denied.

■ In its second point, lessor contends that the trial court erred in determining that the lease did not impose an obligation on lessee to maintain insurance coverage on the premises for lessor's benefit. The pertinent lease provision requires lessee to "maintain fire insurance and extended coverage insurance for the interior of the building."

■ Absent an express provision in the lease agreement, there is no implied obligation on the part of the lessee to insure the demised premises. *Mitchell v. K.C. Stadium Concessions, Inc.,* 865 S.W.2d 779, 784 (Mo. App.W.D.1993). In *Mitchell,* the lease required the lessee to maintain insurance "to cover the payment of rent to lessor during any period hereunder in which the premises are untenantable and lessee is unable to conduct its normal business activities." *Id.* In contrast, the lease provision at issue does not require either that insurance coverage extend to the total destruction of the building or that lessee maintain the coverage for the benefit of lessor. The word "interior" in the lease agreement is not ambiguous and encompasses only the interior of the building and its contents.[1] The lease provision does not obligate lessee to provide insurance coverage for the entire building. Lessor's second point is denied.

The judgment of the trial court is affirmed.

CRANE, P.J., and CRIST, J., concur.

---

1. The interior may include trade fixtures, even those attached to the building, because they are generally considered to be retained by the lessee. *See Mitchell v. K.C. Stadium Concessions,* 865 S.W.2d 779, 788 (Mo.App.W.D.1993). Trade fixtures are articles or appliances which are attached to the realty by the lessee for the purpose of carrying on a particular business. *Id.* Trade fixtures do not become part of the realty, but remain the property of the lessee, removable by him at the expiration of the term of the lease. *Id.*