Missouri Ethics Commission Post Office Box 1254 Jefferson City, MO 65102
Dear Commissioners:
This opinion letter is in response to your question asking:
 Are contributions received by legislators supporting such legislators for election to leadership roles in the General Assembly subject to reporting either pursuant to the campaign finance law contained in Chapter 130, RSMo 1994, or the lobbyist registration and reporting law contained in Section 105.470, RSMo 1994?
We understand that your question relates to potential contributions to a state representative who is a candidate for Speaker of the House of Representatives. Expenses for which such contributions would be used include providing meals for other state representatives, hosting hospitality rooms, and similar expenses.
Section 130.021, RSMo 1994, provides in relevant part:
 5. The treasurer acting on behalf of any person or organization or group of persons which is a committee by virtue of the definitions of "committee" in section 130.011
and any candidate who is not excluded from forming a committee in accordance with the provisions of section 130.016 shall file a statement of organization with the appropriate officer within twenty days after the person or organization becomes a committee but no later than the date for filing the first report required pursuant to the provisions of section 130.046. . . .
Section 130.041, RSMo 1994, provides in part:
 130.041. Disclosure reports — who files — when required — contents. — 1. Except as provided in subsection 5 of section 130.016, the treasurer of every committee, excluding candidate committees when the candidate supported by the committee is not up for election and contributions made by the committee aggregate one thousand dollars or less per election, which is required to file a statement of organization, including a candidate who has elected to serve as the person's own candidate committee, shall file a legibly printed or typed disclosure report of receipts and expenditures for any election for which the committee makes expenditures or contributions or for which the committee receives contributions with the intent to make expenditures or contributions. . . .
The term "candidate" is defined for purposes of Chapter 130, RSMo 1994, by Section 130.011 (3), RSMo 1994, as "an individual who seeks nomination or election to public office". The terms "public office" and "office" are defined for purposes of Chapter 130 by Section 130.011(26) as "any state, judicial, county, municipal, school or other district, ward, township, or other political subdivision office or any political party office which is filledby a vote of registered voters" (emphasis added).
The first issue for consideration is whether Speaker of the House of Representatives is a "public office" as defined in Section 130.011(26). Article III, Section 18 of the Missouri Constitution provides in relevant part that "[e]ach house shall appoint its own officers". Pursuant to this authority, the Speaker of the House of Representatives is elected by the members of the House of Representatives. Under Article IV, Section 11(a)
of the Missouri Constitution, the Speaker is third in line to succeed the Governor if the Governor dies, is convicted or impeached, or resigns. See also Article IV, Section 11(b). Therefore, we conclude that for purposes of Section 130.011(26), the office of Speaker of the House of Representatives is a state office.
The last phrase of the definition of "public office" contained in Section 130.011(26) is "which is filled by a vote of registered voters". An issue for consideration is whether this phrase restricts the definition of "public office" to only those state offices that are "filled by a vote of registered voters". The last antecedent rule instructs that relative and qualifying words, phrases or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including others more remote. Union ElectricCompany v. Director of Revenue, 799 S.W.2d 78, 79 (Mo. banc 1990). Thus, we conclude the phrase "filled by a vote of registered voters" does not extend to the more remote phrase "state . . . office", and therefore "state . . . office" includes the office of Speaker of the House, which is filled by vote of members of the House of Representatives.
Because the office of Speaker of the House is a "state office", the office is a "public office" as defined in Section130.011 (26). An individual who seeks election to Speaker is therefore a "candidate" as defined by Section 130.011 (3). A candidate for Speaker who is not excluded from forming a committee in accordance with Section 130.016 is required by Section 130.021.5 to file a statement of organization and to form a committee unless within the exceptions contained in the definition of "committee" in Section 130.011 (7). Section 130.041
requires the filing of a disclosure report of receipts and expenditures as provided in such section.
You also inquire whether such contributions are subject to Section 105.470, RSMo 1994, which requires legislative lobbyists to register with the Ethics Commission and to report expenditures made to public officials. Section 105.470.1 (3) defines the term "legislative lobbyist" as follows:
 (3) "Legislative lobbyist", any natural person who acts for the purpose of attempting to influence the taking, passage, amendment, delay or defeat of any official action on any bill, resolution, amendment, nomination, appointment, report or any other action or any other matter pending or proposed in a legislative committee in either house of the general assembly, or in any matter which may be the subject of action by the general assembly and in connection with such activity, meets the requirements of any one or more of the following:
 (a) Is acting in the ordinary course of employment, which primary purpose is to influence legislation on a regular basis, on behalf of or for the benefit of such person's employer, except that this shall not apply to any person who engages in lobbying on an occasional basis only and not as a regular pattern of conduct; or
 (b) Is engaged for pay or for any valuable consideration for the purpose of performing such activity; or
 (c) Is designated to act as a lobbyist by any person, business entity, governmental entity, religious organization, nonprofit corporation or association; or
 (d) Makes total expenditures of fifty dollars or more during the reporting period for the benefit of a public official in connection with such activity.
 A "legislative lobbyist" shall include an attorney at law engaged in activities on behalf of any person unless excluded by any of the following exceptions. A "legislative lobbyist" shall not include any member of the general assembly, an elected state official, or any other person solely due to such person's participation in any of the following activities:
 a. Responding to any request for information made by any public official or employee of the legislative branch of government;
 b. Preparing or publication of an editorial, a newsletter, newspaper, magazine, radio or television broadcast, or similar news medium, whether print or electronic;
 c. Acting within the scope of employment of the legislative branch of government when acting with respect to the general assembly or any member thereof;
 d. Testifying as a witness before the general assembly or any committee thereof;
Section 105.470.1 (2) defines the term "expenditure" as follows:
 (2) "Expenditure", any payment made or charge, expense, cost, debt or bill incurred; any gift, honorarium or item of value bestowed; any price, charge or fee which is waived, forgiven, reduced or indefinitely delayed; any loan or debt which is canceled, reduced or otherwise forgiven; the transfer of any item with a reasonably discernible cost or fair market value from one person to another or provision of any service or granting of any opportunity for which a charge is customarily made, without charge or for a reduced charge; except that the term "expenditure" shall not include the following:
 (a) Any item, service or thing of value transferred to any person within the third degree of consanguinity of the transferor which is unrelated to any activity of the transferor as a lobbyist;
 (b) Informational material such as books, reports, pamphlets, calendars or periodicals informing a public official regarding such person's official duties, or souvenirs or mementos valued at less than ten dollars;
 (c) Contributions to the Public official's campaign committee or candidate committee which are reported pursuant to the provisions of chapter 130, RSMo;
 (d) Any loan made or other credit accommodations granted or other payments made by any person or entity which extends credit or makes loan accommodations or such payments in the regular ordinary scope and course of business, provided that such are extended, made or granted in the ordinary course of such person's or entity's business to persons who are not public officials; [Emphasis added.]
Section 105.470.2 requires legislative lobbyists to register with the Ethics Commission.
A natural person who makes a contribution to a person seeking to be elected Speaker of the House would be acting for purposes of attempting to influence a matter pending in the General Assembly, and if such person's activities were encompassed in the activities described in paragraphs (a) through (d) of Section105.470.1 (3), the person would be a "legislative lobbyist" subject to the registration requirement contained in Section105.470.2.
Section 105.470.4 provides for semi-annual reporting of expenditures made by lobbyists on behalf of public officials.
Section 105.470.1 (2)(c) provides that contributions to a public official's campaign committee or candidate committee which are reported pursuant to Chapter 130, RSMo, are not "expenditures" for purposes of Section 105.470. To determine whether a legislative lobbyist's contribution to a person seeking to be elected Speaker of the House is a reportable "expenditure", it is first necessary to determine the meaning of the terms "campaign committee" and "candidate committee" as used in Section105.470.1 (2)(c). Although such terms are not defined for purposes of Section 105.470, Section 105.470.1 (2)(c) also refers to Chapter 130, RSMo. Furthermore, this paragraph originally was enacted as part of Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 262, 86th General Assembly, First Regular Session (1991), which also substantially amended Chapter 130, RSMo. In determining legislative intent, statutes involving similar or related subject matter should be considered when those statutes shed light on the meaning of the statute being construed. Statev. Knapp, 843 S.W.2d 345, 347 (Mo. banc 1992). When the same or similar words are used in different places within the same legislative act and relate to the same or similar subject matter, then the statutes are in pari materia and should be construed to achieve a harmonious interpretation of the statutes. Id. Therefore, we conclude that the terms "campaign committee" and "candidate committee" as used in Section 105.470.1 (2)(c) have the same meaning as defined in Chapter 130, specifically Section130.011 (8) and (9).
A contribution made to the "campaign committee" or "candidate committee" of a person seeking to be elected Speaker which is reported pursuant to Chapter 130, RSMo, would fall under the exception to the definition of "expenditure" in Section 105.470.1 (2)(c). Therefore, such contribution would not be a reportable expenditure pursuant to Section 105.470.4, since such contribution is reported pursuant to Chapter 130, RSMo.
Sincerely,
 JEREMIAH W. (JAY) NIXON Attorney General