PDQ TOWER SERVICES,
INC., Respondent,

v.

Dennis and Bonnie ADAMS, Appellant.

No. WD 66231.

Missouri Court of Appeals,
Western District.

Jan. 23, 2007.

Christopher S. Yotz, Kansas City, MO, for Appellants.

Nancy E. Blackwell, Mark J. Bredemeier, Lee's Summit, MO, for Respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE, and JOSEPH M. ELLIS, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. Dennis and Bonnie Adams (the Adamses) appeal the circuit court's decision awarding PDQ Tower Services, Inc. (PDQ) twice the amount of its security deposit. We reverse and remand to the circuit court to modify the award of damages.

### Factual and Procedural Background

PDQ leased a commercial building from the Adamses for two years. At the end of the lease term, the Adamses refused to return the security deposit. PDQ sued the Adamses for its security deposit, alleging breach of contract. The Adamses cross-petitioned for damages exceeding the secu-

rity deposit, alleging PDQ damaged their premises. After hearing the evidence and the arguments, the trial court found that the Adamses wrongfully withheld PDQ's security deposit and entered judgment for PDQ in the amount of $6,000.00, twice the security deposit amount, pursuant to section 535.300.5.[1] The Adamses appeal.

## Standard of Review

In a bench tried case, our review is governed by the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Battis v. Hofmann*, 832 S.W.2d 937, 939 (Mo.App. W.D.1992). Accordingly, we will reverse only if the decision is not supported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. *Id.*

## Legal Analysis

■ In their sole point, the Adamses claim that the circuit court erroneously applied the law when it awarded twice the security deposit amount to PDQ under section 535.300.5 because the section only applies to residential tenants, and PDQ was a commercial tenant. PDQ contends that the section applies to it because the section does not specify which type of tenant may recover damages from the landlord's wrongful withholding. The issue is whether section 535.300.5 applies to tenants of a non-dwelling unit.

This court determined in *Property Exchange & Sales, Inc. v. King* that section 535.300.5 applies to tenants of dwelling units but failed to address whether the section was applicable to tenants of non-dwelling units because neither party raised the issue. 863 S.W.2d 12, 15 (Mo.App. E.D.1993). Subsequently, the issue was raised to this court, but the case was affirmed on another ground. *See Butler*

*Hill Tavern, Inc. v. Stephen F. Bahn Realty Co.*, 880 S.W.2d 355, 356 (Mo.App. E.D.1994) (finding trial court did not apply section 535.300.5 when it ruled in the tenant's favor). Both cases seem to suggest that section 535.300.5 does not apply to tenants of commercial property.

■ When interpreting statutes, we ascertain the legislature's intent from the language used, giving words and phrases their ordinary and plain meaning. *Battis*, 832 S.W.2d at 939. A statute should not be so narrowly construed as to defeat the purpose of the legislature. *King*, 863 S.W.2d at 14. Section 535.300.5 states "[i]f the landlord wrongfully withholds all or any portion of the security deposit in violation of this section, the tenant shall recover as damages not more than twice the amount wrongfully withheld." If read in isolation, section 535.300.5 suggests that any tenant may recover from a landlord who wrongfully withholds the tenant's security deposit. A provision in a statute must be read in harmony with the entire section. *Gott v. Dir. of Rev.*, 5 S.W.3d 155, 159–60 (Mo. banc 1999). In addition, "[a]ll consistent statutes relating to the same subject are in *pari materia* and are construed together as though constituting one act, whether adopted at different dates or separated by long or short intervals." *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 200 (Mo. banc 1991) (construing sections 508.010 and 508.040 together to determine the meaning of "residence" as used in section 508.010 because both addressed venue).

Chapter 535 is titled, "Landlord–Tenant Actions." The first section in the chapter grants the landlords the right to recover their premises, in all cases, when tenants fail to pay rent. The legislature continues to use broad language when addressing or

1. All statutory references are to RSMo. (2000), unless otherwise indicated.

describing the object of the lease in subsequent sections. For example, Section 535.150 states the landlord may recover "the demised premises." Section 535.300 is a statute that governs the landlord's reception and retention of security deposits from tenants. No other statute in the Revised Statutes regulates security deposits between landlords and tenants. Section 535.300.5 is only a provision within that statute, which provides the remedy for tenants when landlords violate the guidelines set forth in other provisions within the statute. If the legislature intended for the section to apply to non-dwelling units, it would have used the word "premises" or the phrase "leased property" when referencing the object of the lease because it does so in the other sections governing actions between landlord and tenant. See §§ 535.010 & 535.150.

The rule of statutory construction that when the same subject is addressed in general terms in one statute and specific terms in another, the more specific controls, does not apply in this situation because there is no conflict between the other sections in chapter 535 and section 535.300. *See State v. Wilson*, 55 S.W.3d 851, 856 (Mo.App. W.D.2001). The applicable rule of statutory construction is that the express mention of one thing implies the exclusion of another, *expressio unius est exclusio alterius*. *Wolff Shoe Co. v. Dir. of Rev.*, 762 S.W.2d 29, 32 (Mo. banc 1988). That rule is merely an indication of the legislature's intent and should be constrained in the context of the facts and surrounding circumstances to determine if the examples provided in the statute are exclusive or exemplary. *Koontz Aviation, Inc. v. Labor & Indus. Relations, Comm'n*, 650 S.W.2d 331, 333 (Mo.App. W.D.1983).

Throughout the statute, the legislature references the leased property as the "dwelling unit" rather than using broad terms such as "leased property" or "premises," indicating that "dwelling unit" implies the exclusion of the non-dwelling unit. For example, section 535.300.3 allows the landlord to retain some of the security deposit for the following reasons: (1) to remedy default in payment of rent, (2) "[t]o restore the dwelling unit to its condition at the commencement of the tenancy, ordinary wear and tear excepted," or (3) to compensate for actual damages sustained from the tenant failing to give notice before terminating tenancy. Additionally, section 535.300.4 requires the landlord to "give the tenant or his representative reasonable notice ... of the date and time when the landlord will inspect the dwelling unit" and gives the tenant "the right to be present at the inspection of the dwelling unit." Furthermore, the legislature defines "security deposit" as "any deposit of money or property, however denominated, which is furnished by a tenant to a landlord to secure the performance of any part of the rental agreement, including damages to the dwelling unit" but excludes "money or property denominated as a deposit for a pet on the premises." § 535.300.7. Appropriately read in context of the entire statute, it is clear that the legislature used "dwelling unit" as the exclusive type of leased property for this specific remedy.

We do not believe that this construction of section 535.300.5 defeats the legislature's purpose. "The statute's broad remedial purpose is to lay the groundwork for landlord-tenant relations and to provide a more equal footing for both. The nature of the landlord-tenant relationship requires such accountability." *Battis*, 832 S.W.2d at 940. This type of approach where the legislature protects the tenant from the landlord's interests while preserving the landlord's interests is usually

limited to residential tenants. *See Mobil Oil Credit Corp. v. DST Realty, Inc.*, 689 S.W.2d 658, 659 (Mo.App. W.D.1985) (stating implied warranty of habitability does not apply to commercial tenants). Commercial tenants usually are on equal footing with landlords and will include language similar to section 535.300.5 in their contract terms without limiting the amount of recovery or the cause of action for recovery. *See King*, 863 S.W.2d at 14–15 (stating section 535.300 is the exclusive remedy for tenants to recover security deposits); *See also Battis*, 832 S.W.2d at 940–41 (stating section 535.300 limits recovery to not more than twice the security deposit amount).

### Conclusion

In conclusion, the trial court misapplied the law when it awarded twice the amount of the security deposit applying section 535.300. Because the trial court's ruling as to liability was not challenged, we do not disturb it. Therefore, we reverse the judgment in part and remand to the trial court to enter judgment for PDQ in the amount of $3,000.00.

PATRICIA A. BRECKENRIDGE, and JOSEPH M. ELLIS, JJ. concur.